No. 517 June 4, 2025 175

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Kevin J. LEE,
*Petitioner,*

*v.*

DEPARTMENT OF CONSUMER AND BUSINESS
SERVICES,
*Respondent.*

Department of Consumer and Business Services
INS190008;
A182238

Argued and submitted April 1, 2025.

Kevin J. Lee argued the cause and filed the briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner, appearing *pro se*, seeks judicial review of a final order of the Department of Consumer and Business Services (DCBS) that revoked his insurance licenses and assessed civil penalties. On judicial review, petitioner argues that the final order is not supported by substantial evidence. We affirm.

"We review an agency's order in a contested case for errors of law, ORS 183.482(8)(a), substantial evidence, ORS 183.482(8)(c), and substantial reason." *Dorn v. Teacher Standards and Practices Comm.*, 316 Or App 241, 243, 504 P3d 44 (2021). "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482. "Substantial reason exists where the agency has articulated a rational connection between the facts and the legal conclusion that the agency draws from them." *Dorn*, 316 Or App at 243 (internal quotation marks omitted). "Our review is restricted to the record." *Id.* (citing ORS 183.482(7)); *see also* ORS 183.417(9) (defining "[t]he record in a contested case").

A detailed recitation of the facts would not benefit the bench, the bar, or the public. Petitioner held securities sales, insurance provider, and insurance consultant licenses in Oregon for several years. In 2017, the Federal Industry Regulatory Authority (FINRA) contacted petitioner to determine if he had violated any federal securities laws when he provided investment advice to his former neighbors. In 2018, petitioner filed a resident insurance license renewal application with the state and represented that he had not "been named or involved as a party in an administrative proceeding, including FINRA sanction." DCBS subsequently alleged that petitioner "act[ed] as a state investment adviser in Oregon without a state investment license," provided "misleading information" on his insurance license applications by not disclosing the FINRA investigation, and that he engaged in "fraudulent, coercive, or dishonest practices." At the contested hearing, the daughter of petitioner's former neighbors, petitioner, and a DCBS financial enforcement officer testified, and the administrative law judge (ALJ) received into evidence numerous exhibits offered by

each party. The ALJ ruled in favor of DCBS and issued a proposed order. DCBS adopted the ALJ's proposed order as the final order.

We have reviewed each of petitioner's 18 separate arguments concerning the final order and conclude that petitioner presents no basis to reverse. Many of petitioner's arguments dispute DCBS's interpretation of the facts, but we do not reweigh evidence on appeal. *See Gaylord v. DMV*, 283 Or App 811, 822, 391 P3d 900 (2017) ("When in a review role, a court does not review for the better evidence."). Many of petitioner's arguments also depend on his testimony— which DCBS found not credible—and we do not revisit credibility on appeal. *See id.* ("A substantial evidence review does not entail or permit the reviewing tribunal to reweigh or to assess the credibility of the evidence that was presented to the fact-finding body." (Internal quotation marks omitted.)) And petitioner's arguments do not establish that DCBS committed any legal error in its analysis. In sum, substantial evidence supports DBCS's findings of fact, and the order provides substantial reason for its conclusions. Petitioner has not demonstrated any legal error on DCBS's part.

Affirmed.